## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES L. RATCLIFF, ET AL., | Case No. 20-CV-834 (NEB) |
| Appellants, | |
| v. | |
| RANCHER'S LEGACY MEAT CO., ET AL., | |
| Appellees. | |
| | |
| JAMES L RATCLIFF, ET AL., | Case No. 20-CV-835 (NEB) |
| Appellants, | |
| v. | |
| RANCHER'S LEGACY MEAT CO., ET AL., | |
| Appellees. | |
| | |
| JAMES L RATCLIFF, | Case No. 20-CV-1343 (NEB) |
| Appellant, | |
| v. | |
| RANCHER'S LEGACY MEAT CO., ET AL., | |
| Appellees. | |

**ORDER**

On July 23, 2020, James L. Ratcliff filed an emergency motion seeking an extension of time to post *supersedeas* bond and certify that he has done so to this Court. (*James L. Ratcliff, et al. v. Rancher's Legacy Meat Co., et al.*, Case No. 20-CV-834 (D. Minn.), ECF No. 39; *James L. Ratcliff, et al. v. Rancher's Legacy Meat Co., et al.*, Case No. 20-CV-835 (D. Minn.), ECF No. 38; *James L. Ratcliff v. Rancher's Legacy Meat Co., et al.*, Case No. 20-CV-1343 (D. Minn.), ECF No. 37.)[1] For the reasons below, Ratcliff's request is granted in part and denied in part.

On July 20, 2020, this Court issued an order ruling on Ratcliff's Expedited Motion for Stay Pending Appeal (ECF No. 12) and Emergency Motion for Consolidation and Acceleration of Appeals (ECF No. 22), determining it proper to grant Ratcliff's requested stay on the condition that Ratcliff post a *supersedeas* bond in the amount of $6,000,000. (*See generally* ECF No. 34 (the "July 20 Order").) In the underlying motion requesting a stay, Ratcliff had argued that emergency relief was necessary because if the Court did not halt the sale of substantially all of the assets of chapter 11 debtor RLM, then he would suffer irreparable injury. (*See, e.g.*, ECF No. 14 at 26.) He had also argued that he would be

---

[1] Ratcliff as well as Rancher's Legacy Meat Co. ("RLM") and the Official Committee of Unsecured Creditors of Rancher's Legacy Meat Co. (the "Committee") have filed papers relevant to the issues here across all three dockets assigned to Ratcliff's appeals, that is, Case Nos. 20-CV-834, 20-CV-835, and 20-CV-1343 (D. Minn.). Rather than confuse readers with parallel cites across all three dockets, unless otherwise noted, the order will cite to Case No. 20-CV-1343 (D. Minn.).

2

unable to seek any effective relief after July 22, the date scheduled for a final approval of the sale of RLM's assets. (*See, e.g.*, ECF No. 14 at 26–28.) After considering Ratcliff's arguments, the Court determined that the relevant factors weighed in favor of granting Ratcliff's requested stay but that the stay should be conditioned on Ratcliff posting a $6,000,000 bond by July 22 (unless the parties came to some other agreement). (July 20 Order at 40–41.) No bond was posted by July 22, and in bankruptcy court, the final sale approval hearing was rescheduled for 10:30 a.m. on July 30, 2020. (*In re Rancher's Legacy Meat Co.*, Case No. 19-32928 (Bankr. D. Minn.), ECF No. 262.)

On July 23, Ratcliff filed a motion seeking an extension of time until "10:30 a.m. on July 30, 2020, or such time as the hearing is held if it is continued for any reason." (ECF No. 38 at 6.) Ratcliff did not cite any rule applicable to his motion, but the Court construes it under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b)(6) permits courts to modify an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

The Court concludes that under these circumstances a short extension of the deadline to **3:00 p.m. on July 29, 2020** is proper. In his letter notifying the Court that he would be unable to post bond by July 22, Ratcliff claimed that obtaining a letter of credit from a bank—which is just one of various ways to collateralize a surety bond, but the method Ratcliff appears to have chosen—requires at least seven days. (*See* ECF No. 35.) On July 24, Ratcliff filed a signed declaration attesting that he has the financial ability to secure a bond in the amount of $6,000,000, that he intends to do so, and that, among other

3

things, he owns a bank. (*See* ECF No. 43 ¶¶ 2–3.) More than seven days have passed since the Court issued its July 20 Order. And the final sale approval hearing has already been rescheduled to July 30.

But the Court denies Ratcliff's request for an order permitting him to post bond at a later date. As RLM and the Committee persuasively argue in opposition to Ratcliff's request, continuing to delay the sale imposes significant costs on the estate and its creditors, as they accrue additional administrative expenses and face the serious risk that the successful bidder may walk away from the sale entirely. (*See generally* ECF No. 44.) Indeed, the Court determined in its July 20 Order that a stay would be conditioned on the posting of a $6,000,000 bond in order to protect RLM and the Committee, the prevailing parties before the bankruptcy court, from losses incurred due to an unsuccessful attempt to obtain a reversal. (*See* July 20 Order at 37–38.) The Court sees no reason to reconsider that requirement and allow Ratcliff to impose even greater costs on RLM and the Committee without posting bond.

Moreover, Ratcliff's explanation for failure to plan for a bond is wholly without merit. Ratcliff argues that:

> [B]efore such time the Court's Order was issued, there was not a way for Ratcliff to have determined whether the Order would have been issued in his favor, whether the Court would require a bond, and if it did require a bond, for what amount. Therefore, we were unable to speed up the process by commencing the search for a bond prior to the issuance of the Order.

(ECF No. 35.) This explanation makes no sense. Ratcliff first sought the stay in question on May 20, 2020 in bankruptcy court. And as noted in this Court's July 20 Order, a bond securing a stay pending appeal is standard practice to protect RLM and the Committee from losses they may suffer if Ratcliff is unsuccessful in his appeals. (*See* July 20 Order at 37-38.) Ratcliff has had plenty of time to plan for posting a bond. Further extensions will not be granted.

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Ratcliff's Emergency Motion for Extension of Deadline to File Supersedeas Bond (James L. Ratcliff, et al. v. Rancher's Legacy Meat Co., et al., Case No. 20-CV-834 (D. Minn.), ECF No. 39; James L. Ratcliff, et al. v. Rancher's Legacy Meat Co., et al., Case No. 20-CV-835 (D. Minn.), ECF No. 38; James L. Ratcliff v. Rancher's Legacy Meat Co., et al., Case No. 20-CV-1343 (D. Minn.), ECF No. 37.) is granted in part and denied in part.

2. This Court's order dated July 20, 2020 (*James L. Ratcliff, et al. v. Rancher's Legacy Meat Co., et al.*, Case No. 20-CV-834 (D. Minn.) ECF No. 36; *James L. Ratcliff, et al. v. Rancher's Legacy Meat Co., et al.*, Case No. 20-CV-835 (D. Minn.) ECF No. 35; and *James L. Ratcliff v. Rancher's et al.*, 20-CV-1343 (D. Minn.) ECF No. 34) is modified consistent with this Order to provide that:

    a. Ratcliff's Motion for Stay Pending Appeal (*James L. Ratcliff, et al. v. Rancher's Legacy Meat Co., et al.*, Case No. 20-CV-834 (D. Minn.) ECF No. 36; *James L. Ratcliff, et al. v. Rancher's Legacy Meat Co., et al.*, Case No. 20-CV-835 (D. Minn.) ECF No. 23; and *James L. Ratcliff v. Rancher's et al.*, 20-CV-1343 (D. Minn.) ECF No. 12) is GRANTED contingent upon Ratcliff posting a supersedeas bond in the amount of $6,000,000.00 by **3:00 p.m. on July 29, 2020**. Counsel for Ratcliff shall immediately notify counsel

for RLM and for the Committee upon the posting of the bond and certify the same to this Court.

Dated: July 29, 2020

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge